98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Alan BOLENBAUGH, Defendant-Appellant.
 No. 96-1499.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges; EDMUNDS, District Judge.*
 
 ORDER
 
 2
 This is a direct appeal from a judgment ordering revocation of probation. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Robert Bolenbaugh pleaded guilty to one count of being a convicted felon who aided and abetted in the possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) & 2. The district court sentenced Bolenbaugh to a two-year period of probation in a judgment entered November 17, 1994. In 1996, Bolenbaugh was the subject of an "offender under supervision" report in which it was alleged that Bolenbaugh admitted to having used marijuana twice in direct contravention of the conditions of his probation. Bolenbaugh was subsequently arrested and pleaded guilty to the allegations. The district court entered an order revoking Bolenbaugh's probation and sentenced him to a nine-month term of imprisonment. This appeal followed and the parties have briefed the issues.
 
 
 4
 Whether the district court has properly applied a sentencing guideline is a purely legal question and, as such, is reviewed de novo by this court. United States v. Gray, 16 F.3d 681, 683 (6th Cir.1994). An examination of the record and law reflects that the district court did not err in its application of the sentencing guidelines.
 
 
 5
 The relevant facts of the case are uncomplicated; the crux of this appeal is the application of sentencing guideline policy to the facts. As noted above, Bolenbaugh admitted to using marijuana on two occasions in spite of an express prohibition in his conditions of probation. The district court thereafter held an evidentiary hearing at which time Bolenbaugh waived his rights and offered his guilty plea. The court accepted the plea and considered arguments in mitigation from Bolenbaugh and his counsel, during which counsel noted that Bolenbaugh had been adjudged not in need of drug therapy by the program providers. The court concluded, without objection, that Bolenbaugh's sentencing range as set forth in USSG § 7B1.4, p.s., was zero to nine months and proceeded to sentence Bolenbaugh at the top of this range, again without objection by Bolenbaugh or his counsel.
 
 
 6
 Counsel for Bolenbaugh brings two assigned errors on appeal. The first is that the district court erred in failing to abide strictly by the terms of USSG § 7B1.4, p.s., comment. (n. 6). The second is that the court erred in sentencing Bolenbaugh to a term of imprisonment (nine months) that exceeded the term available under the original, underlying felony conviction range (zero to six months).
 
 
 7
 The first claimed error lacks merit. USSG § 7B1.4 is a guideline policy statement on ranges of imprisonment applicable upon revocation of probation. Application Note 6 provides:
 
 
 8
 In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g). 18 U.S.C. §§ 3563(a), 3583(d).
 
 
 9
 Counsel for Bolenbaugh contends that this application note mandates the consideration, on the record, of the factors listed above and that the district court's failure to do so requires a reversal for this purpose.
 
 
 10
 It is initially noted in this context that the record of the hearing is, at most, equivocal as to whether the court ignored the dictates of the application note in issue. In addition, any error in this regard would not mandate a reversal. The Sixth Circuit has consistently held that guideline policy statements found in Chapter 7 "are merely advisory" and that "all the circuits that have considered the question now agree that the policy statements in Chapter 7 of the Sentencing Guidelines are not binding." United States v. West, 59 F.3d 32, 33-34 (6th Cir.), cert. denied, 116 S.Ct. 486 (1995).
 
 
 11
 The second assigned error is that the court erred in sentencing Bolenbaugh to a nine month sentence pursuant to USSG § 7B1.4 when the underlying felony guideline range was zero to six months. Counsel does not cite to any specific statute or opinion condemning this practice, but rather contends that it is "violative of the spirit of the guidelines" to sentence Bolenbaugh to this term on the basis of "one failed drug test." Counsel did not make any specific argument in the district court that the original guideline range was controlling in this probation revocation action. The failure to raise a sentencing claim in the district court precludes appellate review of the alleged error. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992).
 
 
 12
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmonds, United States District Judge for the Eastern District of Michigan, sitting by designation