101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wantanna Eyvette McDOWELL, Defendant-Appellant.
 No. 96-5924.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: MERRITT, NELSON, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Wantanna Eyvette McDowell, a federal prisoner, appeals the district court judgment imposed upon the revocation of her term of supervised release. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McDowell pleaded guilty to one count of passing counterfeit federal reserve notes in violation of 18 U.S.C. § 472, a Class C felony under 18 U.S.C. § 3559(a)(3). She was sentenced on November 20, 1995, to four months in prison and two years of supervised release. However, shortly after she began her period of supervised release, a number of urine samples tested positive for cocaine and other controlled substances. Accordingly, a supervised release revocation hearing was held on May 30, 1996, at which the district court found McDowell guilty of violating the conditions of her supervised release by unlawfully using or possessing a controlled substance. The district court revoked McDowell's supervised release and sentenced her to nine months in prison followed by a new 15-month term of supervised release. The judgment was entered on June 27, 1996. McDowell wrote a letter to the district court stating that she wanted to "reappeal" her case and suggesting drug treatment programs in Louisville, Kentucky; the district court construed her letter as a timely notice of appeal.
 
 
 3
 McDowell's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that McDowell had no meritorious issues to present on appeal, she noted McDowell's desire to have the district court reconsider her sentence of incarceration and, instead, allow her to attend one of the drug rehabilitation programs cited in her letter. McDowell was notified of her right to respond to her attorney's Anders brief; however, no response has been received by this court.
 
 
 4
 Upon review, we permit counsel to withdraw because she has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the court did not err in revoking McDowell's supervised release and imposing its new sentence.
 
 
 5
 The district court did not abuse its discretion in this case. See United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). The only evidence presented at the revocation proceeding established that McDowell had violated the terms of her supervised release by using controlled substances on at least eight occasions. Pursuant to 18 U.S.C. § 3583(g), a defendant's possession or use of controlled substances while on supervised release requires revocation of that supervised release and imposition of a term of incarceration. United States v. Hancox, 49 F.3d 223, 224-25 (6th Cir.1995).
 
 
 6
 Neither did the district court err in imposing a nine-month prison term followed by a new term of supervised release. The district court considered and followed the policy statements of Chapter 7 of the U.S. Sentencing Guidelines as required when dealing with violations of supervised release. See United States v. Sparks, 19 F.3d 1099, 1101 (6th Cir.1994). The nine months imposed was within the three to nine-month range suggested by the guidelines. See USSG § 7B1.4(a). Moreover, effective September 14, 1994, Congress amended the statute governing supervised release to expressly permit a district court to impose a new term of supervised release after imprisonment upon revocation of supervised release. 18 U.S.C. § 3583(h). Pursuant to § 3583(h), the court could order the defendant to serve three years in any combination of incarceration and supervised release, as long as the incarceration did not exceed the two-year cap imposed by 18 U.S.C. § 3583(e)(3) for Class C felonies. The district court permissibly ordered McDowell to serve a total of two years (24 months) in the combination of nine months in prison and 15 months of supervised release.
 
 
 7
 Finally, the district court did not abuse its discretion by ordering incarceration rather than simply sending McDowell to one of the drug treatment programs she suggested. First, as noted above, the applicable statute requires imposition of a prison term in this case. Furthermore, the district court spent considerable time during the revocation proceeding in determining an appropriate sentence for McDowell which would also address her obvious drug problem. McDowell's new conditions of supervised release include a requirement that she complete a drug treatment program.
 
 
 8
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on June 27, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.