*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0111P (6th Cir.)
File Name: 00a0111p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 99-5364

JACK BRENT CRACE,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 95-00026—Joseph M. Hood, District Judge.

Argued: January 27, 2000

Decided and Filed: March 29, 2000

Before: KENNEDY, RYAN, and BOGGS, Circuit Judges.

---

### COUNSEL

**ARGUED:** Stephen D. Milner, HUGHES, LOWRY & MILNER, Lexington, Kentucky, for Appellant. Thomas L. Self, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** Stephen D. Milner, HUGHES, LOWRY & MILNER, Lexington, Kentucky, for Appellant. Thomas L. Self, Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

1

## OPINION

KENNEDY, Circuit Judge. Defendant, Jack Brent Crace, appeals the district court's decision to revoke his supervised release and impose an additional prison sentence after determining that the defendant violated the terms of his supervised release by producing a urine specimen which tested positive for cocaine. He contends that the district court erred in revoking his term of supervised release and, in the alternative, that the district court applied an inappropriate sentencing range in determining his sentence. We believe that the district court's decision to revoke the defendant's supervised release and incarcerate him for a year was not an abuse of discretion and affirm the judgment of the district court.

## I.  Facts

Defendant Crace pled guilty to participating in the interstate transportation of stolen property and was sentenced to a term of twelve months imprisonment to be followed by a twenty-four month period of supervised release. Shortly after the defendant was released from federal custody, he was convicted in state court and incarcerated. Upon his release from state custody, the defendant was once again placed upon supervised release for his federal sentence. Six days after his release from state custody, the defendant tested positive for cocaine. Defendant's probation officer filed a Notification of Violation of Supervised Release. Although the defendant initially denied using cocaine when questioned by his probation officer, he admitted using cocaine at the hearing on the alleged supervised release violation. Following the hearing, the district court judge revoked the defendant's supervised release and sentenced him to a period of twelve months incarceration. Defendant appeals the revocation of his supervised release and the sentence of incarceration imposed by the district court.

In addition to its finding that the defendant's conduct constituted a felony under federal law, the district court also found that the defendant's positive drug test constituted a felony under state law. Under Kentucky law, possession of a controlled substance is a felony even if it is the individual's first offense. *See* Ky. Rev. Stat. Ann. § 218A.1415(2)(b) (Baldwin 1998). Because defendant's instant conduct, simple possession, divorced from his prior criminal activity, constitutes a Class D felony, punishable by at least one year of imprisonment, we believe that the district court properly classified the defendant's positive drug test as a Grade B violation.

### III. Conclusion

For the foregoing reasons, we affirm the decision of the district court.

## II. Discussion

Defendant raises two issues on appeal. He argues that the district court was not required to revoke his term of supervised release and that the district court abused its discretion by determining that it was mandated to incarcerate the defendant. He also argues that the district court erred in applying the sentencing guidelines. He contends that the district court's finding that his conduct was a Grade B, rather than a Grade C offense constituted impermissible double counting. In response, the government states that the district court did not abuse its discretion in revoking the defendant's supervised release because it was mandated to do so by the case law of this circuit. The government also argues that the district court did not err in sentencing the defendant to 12 months imprisonment because the district court's consideration of the defendant's prior criminal conduct did not constitute impermissible double counting.

This court applies an abuse of discretion standard to its review of a district court's decision to revoke supervised release. *See United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991). This court reviews a district court's application of the sentencing guidelines to a particular set of facts de novo. *See United States v. Childers*, 86 F.3d 562, 563 (6th Cir. 1996). We believe that the district court did not abuse its discretion in revoking the defendant's term of supervised release. We also hold that the district court's consideration of the defendant's prior criminal conduct when classifying defendant's current conduct as a Grade B violation was not impermissible double counting.

### A. Revocation of Supervised Release

Defendant argues that a failed drug test constitutes a Grade C violation and that section 7B1.3(a) of the sentencing guidelines permits the district court to extend or modify the term of supervised release, in lieu of revoking the supervised release in the case of a Grade C violation. U.S.S.G. § 7B1.3(a) (1998). Because the district court held that under this circuit's law, defendant's failed drug test was evidence of

possession, a Grade B violation, which, under 18 U.S.C. § 3583(g), requires revocation of supervised release defendant argues that the court abused its discretion. We believe that the district court was correct in finding that it was required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d).

We note that 18 U.S.C. § 3583(d) now provides that

[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

For individuals like Crace who have failed a drug test, the district court must consider whether an appropriate substance abuse program was available, and whether enrollment in such a program was an option preferable to prison. We assume that the district judge considered and rejected this option. Crace did not raise this issue on appeal, so it is waived; moreover, we do not require magic words in the record of the sentencing hearing indicating that substance abuse treatment was considered in order to uphold the district court's prison sentence.[1]

This case is governed by the holding set forth in *United States v. Hancox*, 49 F.3d 223 (6th Cir. 1995) with respect to

---

[1] We note defendant had three prior drug convictions. Also, the court was concerned that defendant's original claim, that he didn't know how the drugs got in his system, "was not a positive step toward rehabilitation." The court did not extend supervised release saying, "I don't want any of my probation officers to have anything further to do with defendant."

measure different things. The offense level represents a judgment as to the wrongfulness of the particular act. The criminal history category principally estimates the likelihood of recidivism.

*Id.* at 24 (internal citations omitted). The Second Circuit noted that the statute under which the defendant was convicted, 8 U.S.C. § 1326, provided for an increased maximum sentence when the defendant had been convicted of an aggravated felony, as opposed to a simple felony. The court stated that this indicated Congress' conclusion that the defendant's prior commission of an aggravated felony was relevant to measuring the severity of the instant offense. *Id.* Other circuits also have addressed the use of a defendant's prior felony conviction in calculating both the offense level and the criminal history and found this dual use permissible. *See United States v. Alessandroni*, 982 F.2d 419, 423 (10th Cir. 1992) (holding that the district court properly used the defendant's prior conviction as the predicate felony under § 922(g)(1) and as a prior sentence in the defendant's criminal history); *United States v. Wycoff*, 918 F.2d 925, 927 (11th Cir. 1990) (same).

We find the rationales of these courts persuasive and hold that the district court did not engage in impermissible double counting. Like the statute in *Campbell*, 21 U.S.C. § 844(a) provides for a higher maximum sentence for defendants who have prior convictions for drug offenses. We think that this evidences Congress' belief that a defendant's prior drug convictions affect the severity of a subsequent drug possession offense. The district court's use of Crace's prior drug convictions to establish the offense level of his positive drug screen and his criminal history category was not impermissible double counting. These prior convictions were used to establish both the wrongfulness of the instant offense and the defendant's potential for recidivism. Because the base offense and the criminal history category are intended to reflect different concerns, we hold that the district court properly considered the defendant's prior convictions in its sentencing.

In determining that the defendant's conduct constituted a felony, thus a Grade B violation, the district court considered both state and federal law. The defendant argues that the district court should be guided by federal, not state law and that simple possession is not a felony under federal law.[2] *See* 21 U.S.C. § 843(a) (simple possession is subject to punishment of not more than one year imprisonment). Under federal law, the district court would be required to consider the defendant's prior drug convictions[3] in order to find that his instant offense was a felony. Because the defendant's prior convictions affect the calculation of his criminal history, the defendant argues that the district court's consideration of his prior convictions in defining the elements of the instant offense was error.

We disagree with the defendant's contention that the district court engaged in double counting. This case presents the unique situation where a single act is relevant to two dimensions of the sentencing guidelines analysis. The district court used the defendant's prior convictions to determine both the base offense and his criminal history category. In *United States v. Campbell*, 967 F.2d 20, 25 (2d Cir. 1992), the Second Circuit found that the use of a defendant's prior conviction for an aggravated felony in defining the instant offense and in calculating the defendant's criminal history was not impermissible double counting. The *Campbell* Court noted that

> it may be appropriate to count a single factor both in assessing the defendant's criminal history category and in calculating the applicable offense level since the two

---

[2] The defendant, however, directs us to no case law which mandates that the district court consider only federal law. In fact, the guidelines reference federal, state and local law in their definition of the categories of supervised release violations. U.S.S.G. § 7B1.1. We address the district court's analysis under state law *supra*.

[3] The defendant had been convicted of three drug offenses, including possession of a controlled substance, prior to his positive drug screen.

whether the results of a failed drug test constitute possession. In *Hancox*, a panel of this Circuit held that use of a controlled substance constitutes possession under 18 U.S.C. § 3583(g). *Id.* at 224.

The part of § 3583(d) discussed above was not in effect at the time of Hancox's sentencing by the district court, so it did not affect the ruling on appeal. However, the district court opinion in *Hancox* would be upheld today, under § 3583(d) as it has been amended. This circuit's ruling in *Hancox* on what constitutes possession stands, but insofar as the sentencing guidelines are rooted in the statutory commands of the amended § 3583(d), they are not merely advisory. Hence, contrary to cases like *United States v. Bolenbaugh*, it is not the advisory nature of the section 7 guideline policy statements that make a prison sentence acceptable, but rather the minimal nature of the command in § 3583(d) to "consider" substance abuse treatment programs in lieu of prison. *See United States v. Bolenbaugh*, No. 96-1499, 1996 WL 557793 (6th Cir. Sept. 30, 1996). Again, we assume the district court gave due consideration to alternatives to prison for the reasons noted above.

The defendant argues that this panel should overturn the *Hancox* decision in light of the interpretation of 18 U.S.C. § 3583 by Katherine M. Goodwin, Assistant General Counsel, Administrative Office of the United States Courts. In response to an inquiry by the district court's probation office, Goodwin stated that her office had recommended that United States probation officers classify positive drug tests as Grade C violations under section 7B1.1 of the sentencing guidelines. She also stated that her office believed that positive drug tests were evidence of, but not necessarily determinative of, possession. She stated that she believed that a court should have discretion to decide whether a positive drug test constitutes possession for revocation purposes. Goodwin, however, acknowledged that the Sixth Circuit, in the *Hancox* case, greatly restricted the district court's discretion. While Goodwin argues that there are grounds to support the defendant's contention that *Hancox* should be overturned, we

believe that the *Hancox* court considered all of the arguments Goodwin raises in reaching its decision. In particular, Goodwin cites the 1994 amendments to section 3583(d) which gave courts greater discretion to consider whether to revoke supervised release when a defendant fails a drug test. She also notes that the guidelines reflect greater flexibility. The *Hancox* court was aware of the flexibility provided by the guidelines and still chose to hold that use constitutes possession and mandates revocation of supervised release. *See* 49 F.3d at 224-225 (citing *United States v. Pettigrew*, Nos. 92-6621/6222, 1993 WL 322667 (6th Cir. Aug. 24, 1993), which notes that the sentencing guidelines permit, but do not require, the court to infer possession from positive drug tests and holding that the "defendant's admitted use of drugs necessarily required possession"). In addition, other panels which have considered this issue after the amendments to section 3583(d) became effective have found that *Hancox* remains the law of the Circuit. *See, e.g., United States v. Graham,* No. 97-5195, 1997 WL 705070, *1 (6th Cir. Nov. 6, 1997) (holding that *Hancox* governs in a case where the district court revoked the defendant's supervised release on January 31, 1997); *United States v. McDowell*, No. 96-5924, 1996 WL 665611 (6th Cir. Nov. 14, 1996) (similar). We believe that this Circuit should adhere to the holding in *Hancox*; therefore, we affirm the decision of the district court that defendant possessed cocaine. 18 U.S.C. § 3583(d), which provides an exception to mandatory revocation when a failed drug test is the source of the possession, seems to have been enacted to remove any undue strictness of requiring revocation in all instances and to restore discretion to the district judge.

### B.   Double Counting

The defendant also argues that the district court erred in finding that the applicable guideline range was 12-18 months. He contends that his use of cocaine constituted a Grade C offense, rather than a Grade B offense, and that the correct guideline range is 6-12 months. The defendant offers two theories to support his contention that the district court erred.

First, he contends that while his positive drug test is a violation of the terms of his supervised release, it is not a crime. Second, he argues that the district court's consideration of his prior criminal conduct in determining whether his current conduct constitutes a felony is impermissible double counting. Because the defendant's prior criminal activity is encompassed in the district court's computation of his criminal history, he argues the district court cannot use this same information to enhance the conduct for which he is being sentenced. The defendant requests that this court remand his case for resentencing even though his sentence of 12 months incarceration falls into both guideline ranges. Because this court cannot determine what sentence the district court would have imposed had it applied the Grade C guideline range defendant argues that remand is necessary.

A Grade B offense is identified as "conduct constituting any other federal, state, or local offense [not encompassed in Grade A] punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2) (1998). A Grade C offense consists of "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3) (1998). Defendant contends that his positive drug test should be classified as a Grade C violation because it constituted a violation of a condition of his supervision, but did not constitute a crime. In support of his argument, he again points to the Goodwin letter. Goodwin states that a positive drug test is evidence of, but not dispositive of the commission of a crime. As stated above, we reject the Goodwin letter and adhere to the holding in *Hancox*. The defendant's positive drug test combined with his admission of use of a controlled substance mandates a finding that the defendant possessed drugs. Because possession of drugs is a crime, the district court erred in classifying the defendant's conduct as a Grade B violation only if we find that defendant's possession would be subject to punishment of one year or less of imprisonment.