**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Ali ANSARI, Defendant–Appellant.**

No. 01–5362.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Ali Ansari appeals the district court's judgment revoking his supervised release and sentencing him to eight months of imprisonment. The parties have affirma tively waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed.

In 1996, Ansari was convicted of bank fraud in violation of 18 U.S.C. § 1344. The district court sentenced Ansari to thir ty-seven months of imprisonment to be followed by five years of supervised release. Ansari started his supervised release on May 23, 1998. Among the terms of Ansari's supervised release were conditions: 1) forbidding use or possession of controlled substances; 2) requiring participation in drug treatment; and 3) forbidding association with people engaged in criminal activity. On January 26, 2001, the government charged Ansari with violating each of these conditions of his supervised release.

The district court conducted a hearing and found that Ansari had used and possessed controlled substances, that he associated with persons engaged in criminal activity, and that he had failed to participate in drug treatment and to submit to random urine screens as directed. The district court also specifically stated that it had considered the availability of appropriate substance abuse programs, and whether Ansari's current or past participation in such programs warranted an exception to mandatory revocation of supervised release. The court concluded that Ansari's situation did not warrant such an exception. Accordingly, the district court ordered that Ansari's supervised release be revoked and sentenced Ansari to eight months of imprisonment with no supervision to follow. Ansari appeals that judgment.

On appeal, Ansari contends that the district court abused its discretion by revoking his supervised release and abused its discretion by failing to consider allowing him to remain in a methadone treatment program.

This court applies an abuse of discretion standard to its review of a district court's decision to revoke supervised release. *United States v. Crace,* 207 F.3d 833, 835 (6th Cir.2000).

Upon review, we find no abuse of discretion. Accordingly, the district court's judgment is hereby affirmed.