**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andre SMILEY, Defendant–Appellant.**

No. 03–3969.

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Kenneth L. Parker, U.S. Attorney's Office, Cincinnati, OH, for Plaintiff–Appellee.

C. Ransom Hudson, Asst. F.P. Defender, Office of the Federal Public Defender, Cincinnati, OH, for Defendant–Appellant.

Andre Smiley, Williamstown, KY, pro se.

Before: BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

## ORDER

Andre Smiley appeals a district court judgment revoking his supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In October 1993, Smiley was convicted of distribution of cocaine in violation of 21 U.S.C. § 841. He was sentenced to 107 months of imprisonment and five years of supervised release. The record does not reflect that Smiley appealed his conviction or sentence. In April 2001, Smiley commenced his term of supervised release. Subsequently, the Federal Probation Department informed the court that Smiley had violated the terms of his supervised release. The court ordered that Smiley undergo a psychological examination to determine his competency, and the exam-

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

ining psychologist reported that he was competent to proceed. During the continuation of the sentencing hearing, Smiley admitted to violating his supervised release by possessing marijuana. The district court sentenced Smiley to twenty-four months of imprisonment, plus two years of supervised release. Smiley filed a timely appeal.

On appeal, Smiley's counsel filed a motion to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether the district court properly sentenced Smiley when it reimposed a period of supervised release.

Upon review, we conclude that the district court was authorized to reimpose a period of supervised release. Such a sentence is expressly permitted by 18 U.S.C. § 3583(e)(3), which is applicable to cases prior to September 13, 1992. *See Johnson v. United States*, 529 U.S. 694, 704–09, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). The length of any additional term of supervised release cannot exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Here, in 1993, Smiley was originally sentenced to a five-year term of supervised release. Thus, the district court was authorized to impose a new two-year term of supervised release.

■ Furthermore, we conclude that the district court properly sentenced Smiley to twenty-four months of imprisonment. We will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable. *See United States v. McClellan*, 164 F.3d 308, 309 (6th

Cir.1999). The policy statements contained in Chapter Seven of the guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *Id.* at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* The district court need not make specific findings related to each of the factors considered, but must articulate enough of its reasoning to permit informed appellate review. *Id.* Here, there is no indication that the district court failed to consider the policy statements in the sentencing guidelines. The district court took note of Smiley's criminal history score and his admission that he had committed a new criminal offense (possession of marijuana) prior to sentencing Smiley. Moreover, the twenty-four month sentence imposed by the district court fell in the middle of the twenty-one to twenty-seven month sentencing range that was recommended by USSG § 7B1.4(a), in light of Smiley's Grade B violation and Criminal History Category of VI.

■ In addition, we have reviewed the record and have discovered no error warranting reversal of the district court's decision. The district court properly revoked Smiley's supervised release. We review a district court's action regarding supervised release for an abuse of discretion. *See United States v. Crace*, 207 F.3d 833, 835 (6th Cir.2000). A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Title 18 U.S.C. § 3583(d) mandates as an explicit condition of supervised release that a defendant not unlawfully possess or use a controlled substance. Here, Smiley admitted that he had pos-

sessed marijuana while serving his term of supervised release. Hence, the district court properly concluded that the preponderance of the evidence established that Smiley had violated the terms of his supervised release.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.