UNITED STATES of America, Plaintiff–Appellee,

v.

Timothy R. ROSE, Defendant– Appellant.

No. 03–6043.

United States Court of Appeals, Sixth Circuit.

June 16, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Kenneth R. Taylor, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Adele Burt Brown, Lexington, KY, for Defendant–Appellant.

Before: RYAN and COOK, Circuit Judges; and CLELAND, District Judge.*

*ORDER*

Timothy R. Rose, represented by counsel, appeals a district court judgment revoking his probation and imposing a six-month term of imprisonment. The appellant is deemed to have waived oral argument because he failed to request it in his brief, and the appellee has expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

In 1995, the district court sentenced Rose to 110 months of imprisonment, plus three years of supervised release, following a jury conviction for burglary of a pharmacy and possession with intent to distribute controlled substances, in violation of 18 U.S.C. § 2118(b) and 21 U.S.C. § 841(a)(1). Rose began serving his term of supervised release on September 6, 2002. On April 17, 2003, the probation office filed a supervised release violation report (SRVR), asserting that Rose had violated the conditions of his supervised release in several respects. On May 22, 2003, an addendum to the SRVR was filed, asserting additional violations. Finally, on July 23, 2003, a new SRVR was filed, asserting that Rose had violated the conditions of his supervised release by testing positive for marijuana on four occasions. The report classified the new violations as Grade B violations and determined his criminal history to be a Category VI, which resulted in a guidelines range of 18 to 24 months. Rose did not object to the guidelines calculation during his supervised release revocation hearing. Rose admitted to the violations and the court sentenced him to 18 months of imprisonment.

Rose has filed a timely appeal, arguing that the district court improperly concluded that his marijuana possession violations constituted grade B violations.

Upon review, we conclude that the district court properly sentenced Rose. Rose argues that the trial court improperly classified his possession of marijuana offenses as Grade B violations rather than Grade C violations. However, because Rose did not raise his argument before the sentencing court, he has forfeited his right to assert this issue on appeal. *See United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998). This court may review an error to which no objection is made if it constitutes plain error that affects the substantial rights of a party. *See* Fed.R.Crim.P. 52(b); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). To establish plain error, a defendant must show that: 1) an error occurred in the district court; 2) the error was plain, i.e., obvious or clear; 3) the error affected the defendant's substantial rights; and 4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Williams*, 53 F.3d 769, 770 (6th Cir.1995).

The district court did not commit plain error when it classified Rose's possession offenses as Grade B violations. First, this court has held that the use of a controlled substance constitutes the possession of the substance and the possession of a controlled substance is a Grade B violation. *See United States v. Crace*, 207 F.3d 833, 835–37 (6th Cir.2000) (citing *United States v. Hancox*, 49 F.3d 223 (6th Cir.1995)). Although Rose acknowledges the holding in *Crace*, he argues that his case is distinguishable because he possessed marijuana, not cocaine, and because marijuana is punishable by less than one year of imprisonment. Contrary to Rose's argument, there is no authority for his proposition that this court treats marijuana differently from other controlled substances. Second, because Rose's current revocation violations involved the possession of marijuana, which is a controlled substance, his violations constitute Grade B violations. *See generally Crace*, 207 F.3d at 837–38.

In addition, it is undisputed that Rose had been convicted of several prior drug offenses in the past. (Presentence Investigation Report—J.A., pp. 42–46). Thus, his current violation involved conduct that was punishable by more than one year and up to three years of imprisonment under 21 U.S.C. § 844(a), which term exceeds the one year requirement for a Grade B violation under USSG § 7B1.1(a)(2).

Accordingly, we affirm the district court's judgment.