**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerome HARDIN, Defendant–Appellant.**

No. 03–6210.

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2004.

Victor L. Ivy, Asst. U.S. Attorney, Jerry R. Kitchen, Asst. U.S. Attorney, Jackson, TN, for Plaintiff–Appellee.

M. Dianne Smothers, Asst. F.P. Defender, Memphis, TN, for Defendant–Appellant.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

### ORDER

Jerome Hardin appeals a district court judgment that revoked a term of supervised release and sentenced him to sixteen months of imprisonment. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Hardin pleaded guilty to conspiracy to possess with intent to distribute crack cocaine. Hardin was sentenced to a term of 121 months of imprisonment and five years of supervised release. Hardin was released from incarceration on February 12, 2003, and after he repeatedly tested positive for marijuana use, Hardin was charged with violating his term of supervised release. On August 22, 2003, a revocation hearing was convened in the district court at which Hardin was represented by counsel. Hardin admitted that he violated the terms of his supervised release by using marijuana. The district court revoked Hardin's supervised release and sentenced him to sixteen months of imprisonment. Hardin filed a timely notice of appeal.

On appeal, Hardin contends that the district court erroneously classified his violation of supervised release as a Grade B violation rather than a Grade C violation. The government responds that the district court properly classified Hardin's violation as a Grade B violation pursuant to § 7B1.1(a)(2) of the Sentencing Guidelines. Upon consideration, we affirm the district court's judgment because the district court properly classified Hardin's violation as a Grade B violation.

Generally, this court reviews for an abuse of discretion a district court judgment revoking supervised release. *United States v. Crace*, 207 F.3d 833, 835 (6th Cir.2000). This court reviews de novo a district court's application of the Sentencing Guidelines to a particular set of facts. *Id.* Here, the district court did not err in its application of the Sentencing Guidelines; nor did the court abuse its discretion in revoking Hardin's supervised release.

Hardin admitted to using marijuana and to the results of his failed drug tests. The results of failed drug tests constitute possession of marijuana under 18 U.S.C. § 3583(g). *See id.* at 836; *United States*

*v. Hancox*, 49 F.3d 223, 224 (6th Cir.1995). Hardin's possession of marijuana is punishable by up to two years of imprisonment because he possessed marijuana after his prior drug conviction. *See* 21 U.S.C. § 844(a). Therefore, Hardin's violation constitutes a Grade B violation because it involves conduct punishable by more than one year of imprisonment. *See* U.S. Sentencing Guidelines Manual § 7B1.1(a)(2). The district court imposed a sentence of sixteen months of imprisonment, which fell between the guidelines range of twelve to eighteen months of imprisonment. Under these circumstances, Hardin's sole claim on appeal lacks merit, and the district court did not abuse its discretion in revoking Hardin's supervised release or err in applying the Guidelines.

For the foregoing reasons, the district court's judgment is affirmed.