**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0637n.06
Filed: October 20, 2008

**No. 08-5305**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | MIDDLE DISTRICT OF TENNESSEE |
| KEITH MARCEL PRATT, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

**Before: MARTIN, ROGERS, SUTTON, Circuit Judges.**

**ROGERS, Circuit Judge.** Defendant Pratt appeals the district court's revocation of his supervised release and imposition of an additional sentence term. The district court revoked Pratt's supervised release after it found that he tested positive for cocaine and submitted a diluted urine sample for drug testing. On appeal, Pratt challenges these factual findings and, in the alternative, contends that the district court should have ordered him to undergo drug treatment instead of imposing incarceration and an additional term of supervised release. Because the district court's findings are not clearly erroneous and it was not an abuse of discretion to impose Pratt's sentence, we affirm.

**I.**

In January 2005, Pratt pled guilty to conspiring to possess with intent to distribute fifty kilograms or more of marijuana in violation of 21 U.S.C. § 846. Pratt was ordered to serve one year of imprisonment, followed by three years of supervised release.

Approximately two years after Pratt was released from prison, the United States Probation Office sought to revoke his term of supervised release. Pratt was charged with violating the following conditions of his release: (1) Defendant shall not . . . possess [or] use . . . any controlled substance, (2) Defendant shall not associate with any persons engaged in criminal conduct, (3) Defendant shall notify the probation officer at least ten days prior to any change in employment, and (4) Defendant shall participate in a program of drug testing. A hearing to show cause why Pratt's supervised release should not be revoked was held on February 20, 2008.

At that hearing, Pratt's probation officer testified that a laboratory analysis showed that the urine sample Pratt submitted on August 29, 2007, tested positive for cocaine. Pratt had told the officer that he had recently "partied" with individuals who had been using illegal substances. He denied that he had used any illegal substances.

Additionally, the officer stated that Pratt failed to give timely notification to the Probation Office when his employment was terminated on July 27, 2007. When an individual on supervised release is terminated from employment without notice, he is expected to notify the Probation Office immediately. Pratt, however, waited until August 7 to inform the Probation Office that he had lost his job.

The officer also testified that Pratt submitted a diluted urine sample for drug testing on June 26, 2007. The officer stated that a diluted sample does not contain enough urine to test for the presence of drugs and is significant "because people use that when they are potentially using drugs and they want to cheat the system." Both testing at the probation office and an outside laboratory analysis confirmed that the sample was in fact diluted. Also, Pratt allegedly missed four random drug tests. Pratt did show up for testing the day after two of those missed tests.

Similarly, Pratt missed several substance-abuse treatment sessions, which he was instructed to attend after testing positive for cocaine and admitting to associating with drug users. After the Probation Office moved to revoke his term of supervised release in late October 2007, Pratt cancelled his November session and never rescheduled. When the probation officer questioned Pratt about the missed sessions, he claimed that his counselor had terminated him from treatment. According to the officer, however, nothing in Pratt's record substantiated that account.

Pratt attempted to explain these apparent violations. With respect to his positive tests, Pratt maintained that he never used any illegal substance, and that someone must have spiked his drink with cocaine. Pratt conceded that he had been fraternizing with individuals engaged in criminal conduct and acknowledged that this violated the terms of his release.

Pratt denied that he failed to comply with the drug testing program. He stated that he did not purposefully dilute his urine sample. With respect to the missed drug tests, Pratt testified that it had

been impossible for him to get to the Probation Office on at least two of the occasions. Pratt stated that he had contacted the Probation Office about his inability to attend on one occasion.

After hearing the above testimony, the district court found that the Government had established all four of the alleged violations. The district court found that Pratt had tested positive for cocaine and that, consequently, Pratt had possessed and used a controlled substance. The district court also found that Pratt had committed the second violation, association with persons engaged in criminal conduct, based on Pratt's own admission. With respect to violation number three, failure to notify the Probation Office upon the termination of employment, the district court found a "strict" violation. Finally, the district court found that the probation officer's testimony showed that Pratt had committed violation four by not participating as ordered in a drug testing program. The district court revoked Pratt's term of supervised release and sentenced Pratt to three months of incarceration, followed by twenty-four months of supervised release. Pratt filed a timely appeal.

## II.

Pratt makes three arguments on appeal: (A) that the district court made erroneous factual findings in concluding that he violated the terms of his supervised release, (B) alternatively, that it was an abuse of discretion to revoke his supervised release instead of ordering drug treatment, and (C) alternatively, that the twenty-four months of additional supervised release imposed by the district court was unreasonable. None of these contentions has merit.

**A. It was not clearly erroneous for the district court to find that Pratt violated the conditions of his supervised release.**

The factual findings that the district court made in revoking Pratt's term of supervised release were supported by ample evidence, and thus are not clearly erroneous. *See U.S. v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (standard of review). Pursuant to 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release "if [it] . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." Pratt argues that it was error here for the district court to conclude that he committed violations one and four, using or possessing a controlled substance, and failing to comply with drug testing.

With respect to violation one, the evidence supports the district court's finding that Pratt possessed and used an illegal substance. A laboratory test of urine submitted by Pratt came back positive for cocaine. Pratt's excuse for the positive test, that someone had spiked his drink, was not believable. It was not clearly erroneous for the court to conclude that Pratt had possessed and used cocaine. We have held that, for the purpose of revoking supervised release under 18 U.S.C. § 3583(g), use of a controlled substance amounts as well to possession of that substance. *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000); *United States v. Hancox*, 49 F.3d 223, 224-25 (6th Cir. 1995).

The record similarly supports that Pratt committed violation four by failing to comply with drug testing. Pratt submitted a diluted urine sample on June 26, 2007, and missed four random drug testing dates. Both in-office testing by the Probation Office and off-site laboratory analysis showed

the sample was diluted. As for the missed tests, Pratt provided no explanation for why he missed

two of the test dates. This evidence supports the district court's determination that Pratt had not

substantially complied with the testing requirement.

Violations two and three are uncontested and supported by Pratt's own admissions.

**B. It was not an abuse of discretion for the district court to revoke Pratt's term of supervised release instead of ordering him to undergo further drug treatment.**

The district court did not abuse its discretion in revoking Pratt's term of supervised release.

*See United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007) (citing *United States v. Carr*, 421 F.3d

425, 429 (6th Cir. 2005)) (standard of review). Indeed, as recognized by the district court, § 3583(g)

provides for mandatory revocation where a defendant on supervised release possesses a controlled

substance. Section 3583(d) does create an exception, requiring the district court to

> consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception . . . from . . . section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C. § 3583(d). By its terms, this exception merely restores to the district court the discretion

whether or not to revoke the defendant's supervised release. *Crace*, 207 F.3d at 837.

Pratt contends that this exception should apply to him. However, it was not an abuse of

discretion for the district court to conclude that drug treatment was not an appropriate option. *See*

*id.* In rejecting this option, the district court relied on Pratt's pervious failure to complete an out-

patient drug treatment program. That Pratt committed several violations, as opposed to merely one or two, also weighs against application of the exception to § 3583(g).

**C. It was not unreasonable for the district court to require Pratt to serve an additional twenty-four months of supervised release.**

Finally, the sentence imposed by the district court upon revocation was reasonable and the district court did not abuse its discretion. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (standard of review). Pratt argues that the additional term of supervised release imposed is too long a sentence given that he has already served two years of supervised release and had complied with most of the conditions of his release.

An additional twenty-four months of supervised release was not substantively unreasonable. Pratt committed multiple infractions, the majority of which were drug-related, showing an unwillingness to reform his lifestyle. These violations, as well as Pratt's inability to get along with his probation officers, suggest that Pratt is not yet ready to be a law-abiding citizen. Furthermore, the additional three months of incarceration imposed upon revocation is at the bottom of Pratt's Guidelines range. Instead of imposing a longer term of incarceration, the district court ordered additional supervised release as an opportunity for Pratt to show that he can adhere to the law.

**III.**


For these reasons, we **AFFIRM** the revocation of Pratt's supervised release and the district

court's imposition of an additional term of supervised release.