**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0442n.06

No. 09-5267

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 30, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| OSCAR EUGENE VAUGHN, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: **BOGGS, SUHRHEINRICH and STRANCH, Circuit Judges**.

**JANE B. STRANCH, Circuit Judge.** Appellant Oscar Vaughn contests the revocation of his term of supervised release. The district court found Vaughn violated the terms of his supervised release by: not residing at his listed address; committing a new crime; failing to report his new residence; and failing to submit required update forms. The record contains ample evidence supporting the determination of the district judge; therefore, we **AFFIRM** the judgment entered on revocation of supervised release.

## I. BACKGROUND

Vaughn was convicted of gun and drug-related charges on April 14, 1999. He received a sentence of 96 months of imprisonment to be followed by three years of supervised release. On September 22, 2006, Vaughn began his three-year period of supervised release.

On June 5, 2008, United States Probation Officer Dawn Eastes filed a petition alleging that Vaughn violated the following five conditions of supervised release:

1. Defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
2. Defendant shall not commit another federal, state, or local crime;
3. Defendant shall work regularly at a lawful occupation unless excused by the probation officer for acceptable reasons;[1]
4. Defendant shall notify the probation officer 10 days prior to any change in residence or employment;
5. Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

Condition one required Vaughn to permit probation officers to visit him at any time at home or elsewhere. Vaughn listed his mother's house as his home. Probation officers unsuccessfully attempted to visit Vaughn there 19 times. Officer Eastes instructed Vaughn to choose just one residence; he replied he would be unable to comply. He also refused to comply with a request to stay with his mother five nights a week. Although Vaughn spent nights at a number of locations, evidence established that in March of 2008 his mother rented an apartment for him to which he could take women.

Condition two prohibited Vaughn from committing another crime. On May 28, 2008, Vaughn was arrested for violating a Tennessee state law prohibiting a person operating a motor vehicle from fleeing from a law enforcement officer who signaled the driver to stop his vehicle. The

---

[1]The district court judge found the evidence on this violation "somewhat murky" and concluded there was insufficient evidence to establish by a preponderance of evidence that Vaughn violated this third condition. DE 75 Transcript of Revocation Hearing ("Tr.") at 136, 138. The government does not appeal this finding.

officers who arrested Vaughn testified they observed him driving after dark without his lights on.[2] When the officers pulled Vaughn over then returned to their patrol car to write a citation, Vaughn sped off in his vehicle. Vaughn eventually pulled over after the officers chased him for approximately a mile. At this stop, the driver's window, which was open when Vaughn initially spoke with the officers, was closed and the passenger window, which had been closed during the initial stop, was open. The officers suspected Vaughn threw something out of his car. Vaughn also had in his possession about $1,100 in cash. Although no narcotics were found, a K-9 drug dog alerted to a scent of narcotics inside the vehicle.[3]

The third condition in question, condition four, required Vaughn to notify the probation officer ten days prior to any change in residence or employment. Vaughn never notified his probation officer of a change in residence and continued to declare his mother's home to be his residence.

Condition five of Vaughn's supervised release required that he submit a truthful and complete written report within the first five days of each month. Vaughn submitted his March report at the end of April and did not submit reports for April or May of 2008. Vaughn admitted he forgot to submit the reports.

---

[2]Tennessee light law, T.C.A. § 55-9-406(a), requires headlights turned on when it is dark enough that objects 200 feet away can only be seen clearly if the lights are on.

[3]Vaughn said he suspected one of the officers had his firearm drawn; evidence produced revealed that the item in the officer's hand was a video camera. Vaughn also explained that the money came in part from his paycheck and in part from his mother, to pay his truck note and her rent; however, no supporting records were produced.

On September 23, 2008, the district court conducted a hearing, determined Vaughn violated four of the five conditions, and revoked Vaughn's supervised release.[4]

## II. DISCUSSION

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release if it finds, by a preponderance of the evidence, that the defendant violated a term of the supervised release. This Court reviews challenges to a district court's decision to revoke supervised release for abuse of discretion. *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000).

### A. Condition One: Officer Visits

Condition one imposed on Vaughn an obligation to make himself available when probation officers attempt to visit him. The district court found Vaughn violated that obligation because "he made it virtually impossible for the probation officer to visit him at home, work, or elsewhere." Tr. at 133.

A number of compelling facts support the district court's finding that this condition was violated. Vaughn admitted he often stayed with women at the apartment his mother rented for him and specifically told Officer Eastes he could not comply with a request that he stay at his mother's home five nights a week. Despite this, he continued to claim only his mother's home as his residence. When a defendant fails to provide a secondary address at which he spends a large percentage of his time, he violates the condition that he permit a probation officer to visit him at any

---

[4]Three of the four violations were Grade C violations and one, Violation Two, was a Grade B violation. *See* U.S. Sentencing Guidelines Manual (USSG) § 7B1.1(a) (1998). When more than one violation is found, the advisory guidelines provide that the imprisonment range of the most serious violation applies. In Vaughn's case the appropriate range was 21–27 months for the Grade B violation. *Id.* at § 7B1.4(a); *see also id.* at § 7B1.4(b). The district judge sentenced Vaughn to 21 months of imprisonment to be followed by an additional 15 months of supervised release. Vaughn does not appeal the sentence imposed.

time at home or elsewhere. *See United States v. Lewis*, 498 F.3d 393, 396-97 (6th Cir. 2007). Moreover, Vaughn was not present for 19 parole officer visits over two years. Given this evidence, the district court did not abuse its discretion in finding Vaughn violated the condition that he "permit a probation officer to visit him at any time at home or elsewhere."

## B. Condition Two: Commission of New Crime

The second condition of Vaughn's supervised release required he "not commit another federal, state, or local crime." At the revocation hearing, the judge found Vaughn violated T.C.A. § 39-16-603(b)(1), which states: "[i]t is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop."

Vaughn argues that the district court abused its discretion in finding he violated this condition because, at the time of the revocation hearing, he had not been convicted of this charge. Conviction in a criminal proceeding is not required to support a determination of violation of a term of supervised release prohibiting commission of another crime. The two determinations are based upon different standards. We have held that violation of a condition prohibiting commission of a crime may rest on the judge's finding of new criminal conduct *even if* the defendant is later acquitted of all charges arising from the same conduct, all criminal charges arising from the same conduct are dismissed prior to trial, or the defendant's criminal conviction is subsequently overturned. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991); *see also Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (noting that "the full panoply of rights due a defendant in [criminal prosecutions] does not apply to parole revocations."); *United States v. Krug*, 379 F. App'x 473, 476 (6th Cir. 2010) (applying *Morrissey* in the context of revocation of supervised release hearing).

Vaughn further argues that he was not under arrest when he fled from the officers and he willingly accepted arrest the second time he pulled his car over. However, the language of T.C.A. § 39-16-603(b)(1) does not require that a defendant flee after having been placed under arrest; it requires only that he flee law enforcement officers after receiving the signal to bring his car to a stop. Vaughn's admission that "I just pulled off" after he was first stopped by police, the ensuing chase, second stop and resulting arrest are a sufficient basis to support the determination, by preponderance of the evidence, that Vaughn had committed a crime in violation of condition two of his supervised release. *See* 18 U.S.C. § 3583(e)(3). The district judge did not abuse his discretion in so holding.

### C. Condition Four: Change of Residence

Condition four of Vaughn's supervised release required that he "notify the probation officer 10 days prior to any change in residence or employment." The petition stated Vaughn violated this provision because he "quit his job at Krystal's Restaurant on May 21, 2008" and "failed to notify the probation officers of this change." The district court found Vaughn violated this provision not due to a change in his employment but due to his failure to notify probation officers 10 days prior to any change in residence. Based on the analysis for violation of condition one, the district judge reasoned, "[w]hether you call it your residence or not, you weren't staying with your mother. The report by Ms. Eastes indicates that you admitted to her that you rarely, if ever, stayed there and you generally stayed with different women on most nights." Tr. at 139.

Appellant argues this was an abuse of discretion. It was not. The factual allegations forming the basis for this condition are identical to those underlying the first condition; Vaughn's defenses to these conditions were also identical. Vaughn, therefore, faced no surprise or inability to address the evidence supporting the court's finding that he changed his residence. The district judge did not

abuse his discretion in providing a different reason than that listed on the petition. *See Krug*, 379 F. App'x at 476 (holding that district court did not abuse its discretion in finding a supervised release violation added on the day of the hearing when the new violation arose from factual allegations identical to the timely-noticed violations); *see generally Stephenson*, 928 F.2d at 732 (a judge has more flexibility conducting a revocation hearing than he does in a criminal trial).

### D. Condition Five: Monthly Reports

The fifth supervised release condition at issue required Vaughn "report to the probation officer and . . . submit a truthful and complete written report within the first five days of each month." The petition clearly states that the report Vaughn filed on April 30, 2008 was "for the month of March." Vaughn admitted he did not submit the reports, stating it "wasn't important for me right there, just to send in no monthly report." Tr. at 114. Vaughn's defense counsel even conceded in his closing argument that Vaughn may have technically violated the reporting requirement. *Id.* at 126. The district judge did not abuse his discretion in finding Vaughn violated this condition.

### III. CONCLUSION

The district court had ample evidence to support its determination that Vaughn violated four conditions of his supervised release. This case does not present an abuse of discretion. We, therefore, **AFFIRM** the judgment entered on revocation of Mr. Vaughn's supervised release.