NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0526n.06

No. 17-2524

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 22, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| VINCENT EARL THOMPSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KEITH, COOK, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Vincent Thompson was sentenced to twenty-one months' imprisonment, a bottom-of-the-Guidelines sentence, for violating two conditions of his supervised release less than a year after being released from prison. On appeal, Thompson argues that his sentence was both procedurally and substantively unreasonable. But the record does not support those arguments, and so we AFFIRM the district court's judgment.

I.

In March 2003, a jury convicted Thompson of four counts: (1) possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); (2) possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1); (3) being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e)(1); and (4) possession of a firearm in furtherance of a drug crime, 18 U.S.C. § 924(c)(1)(A). In May 2005, the district court sentenced Thompson to 420 months in prison.

In 2009, the district court found that Thompson's trial counsel had rendered ineffective assistance by failing to communicate a plea offer. As a result, the district court vacated Thompson's judgment pursuant to 28 U.S.C. § 2255. Thompson pled guilty to reduced charges, possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug crime, 18 U.S.C. § 924(c). He was sentenced to 184 months in prison.

In October 2016, Thompson was released from prison and placed on supervised release. Among other conditions, Thompson was prohibited from unlawfully possessing a controlled substance and was required to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Thompson tested positive for cocaine less than a year later. In fact, from August through November 2017, Thompson repeatedly tested positive for cocaine. In December 2017, the police stopped Thompson, detained him, and took him to the county jail. He was carrying $4,000 in small bills and had another $1,600 cash hidden in his underwear. A drug-sniffing dog detected drug residue on the money, and it was confiscated. Thompson did not tell his probation officer about this incident.

At his supervised release revocation hearing, Thompson admitted to testing positive five times for cocaine and to not contacting his probation officer after the police stopped him. The positive drug test result was a B-grade violation and the failure to notify was a C-grade violation, with the more serious being the B-grade violation. Thompson had a criminal history category of VI, which resulted in a Guidelines range of twenty-one to twenty-seven months. The government asked for a sentence within the Guidelines range. Thompson asked for an in-patient treatment program. The court ultimately sentenced Thompson to twenty-one months in prison. Thompson timely appealed.

II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Substantive reasonableness, however, focuses on whether a "sentence is too long (if a defendant appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness involves "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* To be substantively reasonable, a sentence must be "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quotations and citations omitted). We review claims of both procedural and substantive unreasonableness for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo. *Rayyan*, 885 F.3d at 440, 442.

III.

*Procedural Reasonableness.* Thompson first argues that the district court procedurally erred by interpreting 18 U.S.C. § 3583(g) to require revocation of supervised release because of Thompson's multiple positive drug tests. Under § 3583(g), if the defendant "tests positive for illegal controlled substances more than 3 times over the course of 1 year," then the court "shall

revoke the term of supervised release." But under § 3583(d), "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs . . . warrants an exception . . . from the rule of section 3583(g)." Essentially, § 3583(d) "restore[s] discretion to the district judge." *United States v. Crace*, 207 F.3d 833, 837 (6th Cir. 2000). Thompson makes a general allegation that the district court improperly treated revocation as mandatory, but he points to nothing in the record supporting this argument. Thompson's failure to cite the record is not surprising, given that the record supports no such claim.

The district court said specifically that "[i]f the positive drug tests were the only thing in front of the Court, I might agree" with Thompson that he should not be incarcerated. This alone shows that the court recognized it was not required to revoke Thompson's supervised release because he tested positive for cocaine. Further statements reinforce this position. The court explained that its decision was not based on the failed drug tests alone because the drug tests were "not the only matter in front of the Court." The court clarified that the contact with the police was "very serious," that Thompson was carrying a "significant amount of cash" tainted with drug residue, and that "[w]hen people have $1600 in their underwear, I do believe that something is afoot." The court again clarified that "if it was only the drug positive tests . . . I probably wouldn't be looking at revoking him, but it isn't just the drug addiction. It isn't just the positive testing."

The district court's repeated statements indicating that it might consider not revoking Thompson's supervised release if the drug tests were the only problem show that the court did not believe it was required to revoke Thompson's supervised release because of failed drug tests. There is no support for the claim that the court assumed it was required to revoke Thompson's supervised release under § 3583(g). Rather, the record shows that the court found revocation

appropriate because of the totality of the violations Thompson committed while on supervised release.

*Substantive Reasonableness.* Thompson next argues that his sentence is substantively unreasonable because the district court gave too little weight to his chronic substance abuse and his need for medical care and gave too much weight to the suspicious circumstances of his police contact. Thompson also argues that the sentence was greater than necessary to comply with the purposes of § 3553. This court applies "a presumption of reasonableness" to a within-Guidelines sentence. *United States v. Mosley*, 635 F.3d 859, 865 (6th Cir. 2011). Here, the district court imposed a bottom-of-the-Guidelines sentence, and Thompson has not rebutted the presumption that this was reasonable.

Thompson offers no specific reason why the district court should have given more weight to his substance abuse and need for medical care. The district court did express sympathy for those struggling with drug addiction, stating "I do believe that drug addiction is pretty insidious and often very difficult to overcome." But the record demonstrates that, though Thompson requested the district court send him to an in-patient drug treatment program, he had not availed himself of drug treatment opportunities during the fourteen years he had spent in prison. When the district court asked Thompson if he had received drug treatment while in prison, Thompson indicated he had not. Thompson said he was ineligible for drug treatment—but Thompson was only ineligible to receive time off his sentence if he successfully completed a drug treatment program. Anyone, including Thompson, could voluntarily participate in the residential drug program.

Thompson also offers no specific reason why the court gave too much weight to the circumstances of his police contact. The district court determined that Thompson's contact with the police was "very serious." And the court noted that, though he was not charged with it, when

Thompson was stopped by the police in December 2017, he was with a known felon—another breach of his supervised release conditions. Overall, the court found that Thompson was not "trying to conduct himself as a law-abiding citizen."

Thompson has not established that imposing a bottom-of-the-Guidelines sentence was greater than necessary to comply with the purposes of § 3553(a), given that Thompson admitted to violating numerous conditions of his release less than a year after getting out of prison. Under these circumstances, there is no indication the district court abused its discretion.

* * *

Thompson has failed to show his sentence was either procedurally or substantively unreasonable. Accordingly, we AFFIRM the judgment of the district court.