**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Danny C. JOHNSON, Defendant–**
**Appellant.**

**No. 01–6410.**

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 2002.

Before MOORE and COLE, Circuit Judges;  and TARNOW,\* District Judge.

## OPINION

MOORE, Circuit Judge.

Defendant Danny C. Johnson appeals the sentence of eleven months' imprisonment imposed by the district court for Johnson's violation of the terms of his supervised released.  Johnson argues that the district court failed to consider, as an alternative to imprisonment, participation in an in-patient drug-treatment program

and that the district court erred in sentencing him to imprisonment for purely rehabilitative reasons.  Finding no error, we **AFFIRM** the sentence imposed by the district court.

## I.  BACKGROUND

In 1995, Johnson was convicted of one count of conspiracy to distribute crack cocaine and sentenced to sixty months' imprisonment, to be followed by four years of supervised release.  Following his release from prison, Johnson violated the terms of his supervised release by using crack cocaine, as indicated by positive urine tests conducted in 2001.  Johnson pleaded guilty to violating the terms of his supervised release at a hearing conducted by the district court on October 12, 2001.  Johnson admitted to using crack cocaine, in violation of the terms of his supervised release, at that time.

At the hearing, defense counsel apprised the district court of an exception to the mandatory revocation of supervised release, pursuant to 18 U.S.C. § 3583(g), upon a finding that the defendant had possessed illegal drugs.[1]  That exception provides that: "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who

---

\* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

1.  Section 3583(g) states, in relevant part: "If the defendant ... possesses a controlled substance in violation of the condition set forth in subsection (d) ... *the court shall revoke the term of supervised release and require the de-* *fendant to serve a term of imprisonment* not to exceed the maximum term of imprisonment authorized under subsection (e)(3)" (emphasis added).  We have previously held that " 'use' of a controlled substance constitutes 'possession' of the substance." *United States v. Hancox,* 49 F.3d 223, 224 (6th Cir.1995).

fails a drug test." 18 U.S.C. § 3583(d).[2] Defense counsel pointed to Johnson's compliance with the terms of his supervised release for approximately a year and a half. his employment during that period, and Johnson's need for in-patient drug treatment. Johnson did not participate in an intensive drug-treatment program during his initial period of imprisonment. although the record does not state why he did not. Defense counsel argued that, in light of the § 3583(d) exception to mandatory revocation, the district court had the discretion to extend Johnson's term of supervised release or to place him under house arrest and require his participation in an in-patient drug-treatment program.

In response, the government argued that these alternative sanctions would place increased burdens on the probation officer assigned the case and pointed to Johnson's statement, to his probation officer, that he would not benefit from in-patient treatment. Moreover, the government indicated that the in-patient program mentioned by defense counsel did not have a contract with the probation office and thus suggested that the program was not really "available" in the present case. The government argued for a sentence of eleven months' imprisonment and that the court should recommend that Johnson be considered for an intensive drug-treatment program while incarcerated. The government suggested that eleven months would give the Bureau of Prisons sufficient time

to enroll Johnson in such a program and Johnson sufficient time to complete it.

After hearing the arguments of counsel, the district court sentenced Johnson to eleven months' imprisonment with a recommendation to the Bureau of Prisons that Johnson be enrolled in an intensive drug-treatment program. The district court emphasized that this sentence was being imposed "not ... just as a punishment" but rather "in an effort to get [Johnson] some help." Hr'g Tr. at 15.

This appeal followed.

## II. ANALYSIS

We review a district court's decision to revoke supervised release for abuse of discretion. *See United States v. Crace,* 207 F.3d 833, 835 (6th Cir.2000). We will affirm the district court's sentence of imprisonment following the revocation of supervised release if the district court considered the applicable policy statements, the sentence imposed is within the statutorily imposed range, and the sentence is not plainly unreasonable. *United States v. Jackson,* 70 F.3d 874, 878 (6th Cir. 1995).

■ In this appeal, Johnson first argues that the district court failed to rule on his argument that the § 3583(d) exception to mandatory revocation under § 3583(g) should apply in this case. Johnson is correct that the district court did not state in

2. At the revocation hearing, Johnson's counsel cited the corresponding policy statement in the Sentencing Guidelines, which provides:
In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g). 18 U.S.C. §§ 3563(a), 3583(d).

United States Sentencing Guidelines Manual ("U.S.S.G.") § 7B1.4 applic. note 6 (2000). Given that Johnson violated the terms of his supervised release in 2001, this provision applied. *See United States v. Cofield,* 233 F.3d 405, 409 (6th Cir.2000) (holding that, for purposes of revoking supervised release, the applicable guidelines are those in effect at the time of the supervised release violations rather than those in effect at the time of initial offense), *cert. denied,* 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001).

so many words that it was rejecting the § 3583(d) exception. But we have explained previously that "we do not require magic words in the record of the sentencing hearing indicating that substance abuse treatment was considered in order to uphold the district court's prison sentence." *Crace*, 207 F.3d at 836. The facts of the present case support the conclusion that the district court considered and rejected the § 3583(d) option. Johnson's counsel made the § 3583(d) argument at the hearing shortly before the district court revoked Johnson's supervised release. Thus, it would be difficult to conclude that the district court was not aware of the option. The district court's conclusion that an intensive drug-treatment program in prison was "[t]he only solution . . . to help" Johnson with his crack addiction, Hr'g Tr. at 15, suggests that the district court concluded that the in-patient program urged by defense counsel would not address Johnson's addiction problem adequately. *See also United States v. McClellan*, 164 F.3d 308, 310 (6th Cir.1999) (holding that appellate court may infer that district court considered Sentencing Guidelines policy statements despite district court's failure to make "explicit reference" to them); *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.) (noting that sentencing courts "need not engage in ritualistic incantation . . . to establish consideration of a legal issue") (quotation omitted), *cert. denied*, 525 U.S. 954, 119 S.Ct. 386, 142 L.Ed.2d 319 (1998). It would, of course, be preferable if district courts made explicit reference to the applicable statutory and guideline provisions, but we have not required this in the past.

Second, Johnson argues that the district court abused its discretion in sentencing him to eleven months because the court did not engage in "an appropriate consideration of the statutory factors." Appellant's Br. at 16. Because "the district court was not required to impose a sentence of imprisonment under Title 18 U.S.C. § 3583(g)," Johnson argues, the district court's decision to impose a sentence of imprisonment was based solely on its assessment of his "rehabilitative needs." Appellant's Br. at 17. Johnson cites *United States v. Jackson*, 70 F.3d 874 (6th Cir.1995), for the proposition that a sentencing court may consider rehabilitation in determining the length of a sentence of imprisonment but not in determining whether to sentence a defendant to imprisonment in the first place.

The district court, however, did not sentence Johnson to imprisonment solely in order to rehabilitate him. Instead, the district court sentenced Johnson to additional prison time because Johnson had violated the terms of his supervised release by possessing crack cocaine. *See Jackson*, 70 F.3d at 879 n. 5 ("In the case of a mandatory revocation of supervised release . . . the district court is required to impose a sentence of imprisonment. Therefore, the District Court . . . considered rehabilitative goals only in determining the length of defendant's sentence, not in determining whether to impose a sentence."). Section 3583(d), which requires that a sentencing court consider drug-treatment programs as an alternative to prison, does not eliminate the mandatory nature of imprisonment under § 3583(g). *See Crace*, 207 F.3d at 835 (holding that a sentencing court "[i]s required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release . . . unless defendant could come under the exception in 18 U.S.C. § 3583(d)").

■ Thus, under § 3583(g), revocation of parole for a supervised-release violation such as Johnson's is still mandatory once

the district court rejects the § 3583(d) option. After rejecting the § 3583(d) option, the district court is required by 18 U.S.C. §§ 3583(g)[3] to consider a variety of factors, including the defendant's rehabilitative needs. Therefore, the district court did not err in sentencing Johnson to eleven months in prison in order to give him sufficient time to complete a program to address his crack addition. Eleven months was the upper end of the recommended guidelines range in the present case.[4] Johnson's argument that the district court abused its discretion by failing "to consider and articulate the factors of Title 18 U.S.C. § 3553(a) in fashioning the sentence," Appellant's Br. at 18, is without merit. As we held in *Washington*, 147 F.3d at 491, "[t]he statute's mandate is ... satisfied if ... the district court's explanation of the sentence makes it clear that it considered the required factors." The sentencing hearing transcript makes it clear that the district court considered the required factors, especially Johnson's need for drug treatment. The sentence imposed was not plainly unreasonable, and therefore it must be affirmed.

**3.** The sentencing court is directed by § 3583(g) to § 3583(e)(3). That section requires the court to consider certain factors before sentencing. That provision states, in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), ... revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case....

18 U.S.C. § 3583(e)(3). Section 3553(a) states, in relevant part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> ....
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ....
> (4) the kinds of sentence and the sentencing range established for –
> ....
> (B) in the case of a violation ... of supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission....
> (5) any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the date the defendant is sentenced;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct....

18 U.S.C. § 3553(a). *See also Washington*, 147 F.3d at 491 ("[T]he district court's sentence must reflect consideration of certain factors listed in 18 U.S.C. § 3553....").

**4.** Johnson does not challenge the calculation of the guidelines range of five to 11 months' imprisonment given a grade C violation and a criminal history category of III. *See* U.S.S.G. § 7B1.4(a).

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.