NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0550n.06
Filed: September 9, 2008

No. 07-1526

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| TYRANN METCALF, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    **GUY, BATCHELDER, and McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.**  In this appeal, the defendant argues that the district court

erred by imposing an 18-month sentence for his second supervised release violation.  This argument

lacks merit, and we **AFFIRM**.

**I.  FACTUAL BACKGROUND**

On May 25, 2000, the district court sentenced defendant Tyrann Metcalf to 84 months'

imprisonment, to be followed by three years of supervised release, for distribution of crack cocaine.

Defendant was released from custody and began his term of supervised release in August 2005.

After he failed to gain steady employment and tested positive for narcotics, the district court

modified the terms of his supervised release on July 25, 2006, and ordered him to serve a period of

180 days in the Residential Reentry Center.  After additional positive drug tests and termination from

the Residential Reentry Center program, the Probation Department filed a petition to revoke

defendant's supervised release. The petition alleged the following violations: (1) failure to reside in the Residential Reentry Center; (2) failure to participate in a program for substance abuse; (3) failure to refrain from drug use; and (4) failure to answer truthfully all inquiries by the probation officer. Defendant was arrested, and the district court ordered him detained pending a supervised release violation hearing.

On April 26, 2007, the district court held a supervised release violation hearing, at which defendant was present with counsel. At the lengthy hearing, defendant denied the first violation, but admitted the remaining three. The district court found defendant guilty of the first violation. The district court determined, without objection, that defendant committed a Grade B violation and had a criminal history category of V. Based on this determination, the district court concluded, and defense counsel agreed, that the Sentencing Commission's policy statement indicated a range of 18-24 months' imprisonment. Defense counsel asked the district court to sentence defendant to work release, house arrest with work release, or to give credit for the six months he had served at the Residential Reentry Center. Rejecting the argument that a downward variance was warranted, the district court sentenced defendant to 18 months' imprisonment. Defendant timely appealed.

## II. ANALYSIS

The sole issue on appeal is whether the district court erred in sentencing defendant to 18 months' imprisonment for violating the conditions of his supervised release.

### A. Standard of Review

We review a district court's sentence of imprisonment upon revocation of supervised release in the same way we review all other sentences after the Supreme Court's decision in *United States*

*v. Booker*—"under a deferential abuse of discretion standard for reasonableness."[1]  *United States v.*

*Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (citing *Gall v. United States*, 128 S. Ct. 586, 591 (2007)).

This standard of review has two components:  procedural and substantive.  *Gall*, 128 S. Ct. at 586;

*Bolds*, 511 F.3d at 578.

## B.  Procedural Unreasonableness

Review for procedural reasonableness consists of three steps.  First, a district court must

"correctly calculat[e] the applicable Guidelines range," which is the "starting point and the initial

benchmark" of its sentencing analysis.  *Gall*, 128 S. Ct. at 596; *Bolds*, 511 F.3d at 579.  Because

there are no Guidelines for supervised release revocation sentences, "the district court must consider

the policy statements contained in Chapter Seven of the Sentencing Guidelines."  *Bolds*, 511 F.3d

at 579 n.5 (quoting *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007)).  Second, the district

court must give "both parties an opportunity to argue for whatever sentence they deem appropriate,"

and then "consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the

sentence requested by a party."  *Gall*, 128 S. Ct. at 596; *Bolds*, 511 F.3d at 579-80.  The district court

"must make an individualized assessment based on the facts presented" and consideration of all the

---

[1]In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court "invalidated both the statutory provision which made the Sentencing Guidelines mandatory, and [the provision] which directed appellate courts to apply a *de novo* standard of review to departures from the Guidelines." *Gall v. United States*, 128 S. Ct. 586, 594 (2007) (internal citations omitted).  As a result, "the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'"  *Id.*  *Booker* did not drastically change the process of supervised release revocation sentencing, however, because such sentencing "was discretionary before *Booker* and is discretionary after it" as well.  *United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005); *see also United States v. West*, 59 F.3d 32, 33 (6th Cir. 1995) (noting, well before *Booker*, that the Sentencing Commission's policy statements pertaining to supervised release revocation sentencing are "merely advisory").

statutory factors. *Gall*, 128 S. Ct. at 597; *Bolds*, 511 F.3d at 580. Finally, after arriving at a sentence, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 128 S. Ct. at 597; *Bolds*, 511 F.3d at 580.

Here, defendant does not challenge the district court's calculation or consideration of the applicable policy statement range of 18-24 months. Our analysis therefore focuses on the district court's consideration of the statutory factors and defendant's arguments for leniency, as well as the court's explanation for ultimately settling on a sentence of 18 months' imprisonment.

### 1. Section 3583(d)

Defendant concedes that the district court correctly interpreted 18 U.S.C. § 3583(g) to require revocation of supervised release and imposition of a term of imprisonment on the basis of defendant's multiple failed drug tests.[2] He argues, however, that the district court erroneously failed to consider § 3583(d)'s exception to § 3583(g). Section 3583(d) provides, in pertinent part:

> The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission

---

[2] 18 U.S.C. § 3583(g) provides, in pertinent part, that a court "*shall* revoke the term of supervised release and require defendant to serve a term of imprisonment" if defendant "(1) possesses a controlled substance in violation of" the conditions of supervised release, or "(4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year." 18 U.S.C. § 3583(g) (emphasis added). In this case, the district court noted that defendant had tested positive for narcotics on the following dates: October 12, 2005, October 17, 2005, May 6, 2006, June 8, 2006, June 21, 2006, July 11, 2006, July 20, 2006, August 2, 2006, August 11, 2006, and February 6, 2007. Sentencing Tr. p. 31, JA 61. Accordingly, § 3583(g)(4) required revocation. Mandatory revocation was also warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection. *United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995).

guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C. § 3583(d). Essentially, § 3583(d) "restore[s] discretion to the district judge" in the case of a defendant who is otherwise subject to mandatory imprisonment under § 3583(g) as a result of a failed drug test. *United States v. Crace*, 207 F.3d 833, 837 (2000).

Initially, we note that defense counsel did not raise § 3583(d) at the hearing before the district court. Regardless, defendant's argument lacks merit. As the government aptly points out, the district court clearly understood that § 3583(g) was not mandatory, because it had already modified defendant's supervised release to allow him to enter the Residential Reentry Center after several failed drug tests. More importantly, the record shows that the district court did consider the availability of substance abuse treatment programs. The court referred to defendant's "sorted [sic] history of drug use combined with his acknowledgment that he has, quote, never been honest with his drug treatment therapist or probation officer regarding his drug use until confronted with results." Sentencing Tr. p. 32, JA 62. The court also noted, and defendant admitted, that defendant had failed to attend required weekly group drug treatment sessions since his release from the Residential Reentry Center. Clearly, substance abuse treatment had not worked in the past. Defendant argues that the district court did not adequately address his recent progress, but the court considered his claim that he had been drug-free for approximately two months in the context of his past drug use and prior violations. "[W]e do not require magic words in the record of the sentencing hearing indicating that substance abuse treatment was considered in order to uphold the district court's prison sentence." *Crace*, 207 F.3d at 836. In this case, the court adequately considered substance abuse

treatment as an alternative under § 3583(d), and adequately explained its rationale for imposing a

sentence of imprisonment instead.

### 2. Section 3553(a) Factors

Defendant next argues that the district court did not sufficiently consider the § 3553(a) factors

in determining whether to grant his request for a downward variance. Section 3583(e) requires a

district court to consider the following § 3553(a) factors in arriving at a supervised release revocation

sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of
> the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law,
>> and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training,
>> medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . (B) . . . the
> applicable guidelines or policy statements . . .
> (5) any pertinent policy statement (A) issued by the Sentencing Commission . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar
> records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[3]

18 U.S.C. § 3553(a). We have never required, however, a "'ritual incantation' of the factors to

affirm a sentence." *United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2007) (quoting *United States*

---

[3]Section 3583(e) omits §§ 3553(a)(2)(A) and 3553(a)(3) from the list of factors the court must consider when imposing a supervised release revocation sentence. However, "it does not constitute reversible error to consider § 3553(a)(2)(A) when imposing a sentence for violation of supervised release, even though this factor is not enumerated in § 3583(e)." *United States v. Lewis*, 498 F.3d 393, 399-400 (6th Cir. 2007).

*v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005)). It is sufficient if "the district court's explanation of the sentence makes it clear that it considered the required factors." *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998); *see also United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007) ("[T]he reasons that [the district court] provides for the sentence must sufficiently reflect considerations akin to those enumerated in the statute.").

Here, defendant argues that the district court did not address whether his acceptance of responsibility for the supervised release violations, his family obligations, his present employment, and his lack of drug use since February 2007 warranted a sentence below the policy statement range. But the record shows that the district court considered defendant's arguments and the statutory factors, and adequately explained its reasoning for imposing the 18-month sentence. As the government points out, the court permitted defendant to give reasons for violating his supervised release and make arguments in support of a more lenient sentence. After a long colloquy with both defendant and his counsel, the court acknowledged defendant's arguments but stated its concerns regarding his "sorted [sic] history of drug use" and apparent inability to remain drug-free, as well as his dishonesty with his drug treatment therapist and probation officer. The court also noted defendant's failure to attend drug treatment sessions and questioned the earnestness of his efforts to obtain employment. The court did consider defendant's supportive wife and conscientious attorney, but ultimately concluded that he was "not deserving of a second chance or a third chance." All of the court's reasons were responsive to the arguments defendant had made, as well as the factors listed in § 3553(a). Moreover, the court explicitly stated that it had examined the § 3553(a) factors

and the applicable policy statements; indeed, its thorough "explanation of the sentence makes it clear" that it did. *Washington*, 147 F.3d at 491.

As support for his argument, defendant points to *United States v. Yopp*, 453 F.3d 770, 773 (6th Cir. 2006), in which this court vacated a sentence imposed after revocation of supervised release. *Id.* But *Yopp* does not dictate the outcome here. In that case, unlike this one, the district court entirely failed to consider or even mention the Chapter Seven policy statements. *Id.*

We therefore conclude that the district court's imposition of an 18-month term of imprisonment was procedurally reasonable.

## C. Substantive Unreasonableness[4]

"After we have found the district court's sentencing decision to be procedurally sound, we must 'then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *Bolds*, 511 F.3d at 581 (quoting *Gall*, 128 S. Ct. at 586). The substantive reasonableness inquiry involves an analysis of the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (quoting *Gall*, 128 S. Ct. at 536). A sentence is substantively unreasonable if the district court "selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable

---

[4]In his brief, defendant does not clearly challenge the substantive reasonableness of his sentence. He does point out, however, that a district court is required to "impose the minimally-sufficient sentence to achieve the statutory purposes of punishment." He cites to *Yopp*, where this court stated that "a district court's mandate is to impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a)(2)." 453 F.3d at 774. However, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some argument at developed argumentation, are deemed waived." *United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004). Because defendant has at least made a colorable argument that his sentence was substantively unreasonable, and because we disagree, we briefly discuss it here.

amount of weight to any pertinent factor." *Husein*, 478 F.3d at 332. Sentences imposed within a

properly calculated range under the advisory Sentencing Guidelines enjoy a rebuttable presumption

of substantive reasonableness. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en

banc).[5]

If a sentence within the Sentencing Guidelines range is presumptively reasonable, the same

is true of a sentence within the policy statement range. *See Bolds*, 511 F.3d at 581 (discussing

review of supervised release revocation sentences for substantive reasonableness in the same way

as review of sentences following a conviction). Here, the district court sentenced defendant at the

bottom of the applicable policy statement range of 18-24 months. Further, defendant has failed to

offer sufficient evidence or persuasive argument to rebut the presumption of reasonableness. Neither

his explanations for violating the terms of his supervised release, nor his arguments in favor of

leniency, present circumstances "special enough that, in light of § 3553(a), they *require* a sentence

lower than the sentence the Guidelines provide." *Vonner*, 516 F.3d at 390 (quoting *Rita v. United*

*States*, 127 S. Ct. 2456, 2470 (2007)). This court has even upheld above-guidelines sentences where

the defendant had previously violated the terms of supervised release. *See United States v. Kirby*,

418 F.3d 621, 628 (6th Cir. 2005) ("The district court's imposition of the statutory maximum term

of imprisonment was more than justified by [the defendant's] repeated transgressions."); *United*

---

[5]In *Vonner*, we stated that we would continue to apply such a presumption of reasonableness after the Supreme Court's decision in *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007), which held that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *Vonner*, 516 F.3d at 389-90; *see also United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) (holding, before *Rita*, that sentences properly calculated under the Guidelines are afforded a rebuttable presumption of reasonableness).

*States v. Morrow*, 207 Fed. Appx. 591, 594 (6th Cir. 2006) (approving a sentence two months above the policy statement guidelines where the district court had twice given the defendant "a break" for his repeated violations of supervised release).

Accordingly, defendant's sentence was not substantively unreasonable.

### III.  CONCLUSION

Because defendant has failed to demonstrate that the district court's 18-month sentence was either procedurally or substantively unreasonable, we **AFFIRM** the district court's judgment.