NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0557n.06

**No. 15-1244**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Plaintiff-Appellee, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| v. | ) | |
| | ) | **OPINION** |
| ANTHONY PORTEE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: SUTTON and DONALD, Circuit Judges; and ZOUHARY, District Judge.**[*]

**ZOUHARY, District Judge.** Defendant-Appellant Anthony Portee appeals the four-month sentence imposed by the district court for his violation of the conditions of his supervised release. The sole issue on appeal is whether the district court erred in sentencing Portee to a period of incarceration instead of drug treatment, pursuant to 18 U.S.C. § 3583(d). We find the district court considered alternative sentencing options and therefore affirm.

**BACKGROUND**

In September 2011, the district court sentenced Portee to twenty-four months of imprisonment to be followed by three years of supervised release for mail fraud. Portee was released from custody and began his term of supervised release in July 2013. In September 2014, the Probation Officer filed a petition to revoke Portee's supervised release after he tested positive for cocaine in April and August 2014. The district court convened a hearing in October

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

2014, but adjourned it and directed Probation to assess Portee's treatment needs and prepare a supplemental report. In December 2014, the Probation Officer filed an amended petition, which included details of an additional positive drug test in November 2014. The amended petition charged the following violations: (1) commission of a state crime by possessing cocaine in violation of M.C.L. § 333.7403(2)(a)(V); (2) possession of a controlled substance; (3) failure to refrain from drug use; and (4) failure to participate in drug testing and treatment program.

On February 19, 2015, the district court held a supervised release violation hearing, at which Portee was present with counsel. Portee pled guilty to the first three violations based on his April and August positive drug tests, but would not admit to using cocaine in November. He denied the facts as to the alleged fourth violation, and the Government dismissed the fourth violation since it did not affect the applicable Guidelines range. The district court accepted Portee's guilty plea and determined, without objection, that Portee committed Grade B violations and had a criminal history category of I. Based on this determination, the district court concluded, and counsel agreed, that the applicable Guidelines range was four to ten months of imprisonment. The district court sentenced Portee to four months of imprisonment and eighteen months of supervised release, of which the first six months was to be spent at a residential reentry center. Portee timely appealed.

### STANDARD OF REVIEW

We review a district court's sentence of imprisonment upon revocation of supervised release "'under a deferential abuse of discretion standard' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). But when, as here, defendant is asked whether he has any objections to the proposed sentence pursuant to *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004), and fails to object, we

review the sentence for plain error.  *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

To establish plain error, a defendant must show that the district court (1) made an error, (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings."  *Id.* (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

## ANALYSIS

The district court did not err by failing to explicitly discuss at the hearing its discretion to consider substance abuse treatment in lieu of incarceration, pursuant to 18 U.S.C. § 3583(d).  *See United States v. Metcalf*, 292 F. App'x 447, 450 (6th Cir. 2008); *United States v. Johnson*, 54 F. App'x 426, 429 (6th Cir. 2002).  The district court was aware of its obligation to consider whether the exception in Section 3583(d) to mandatory revocation was warranted and referenced the Violation Worksheet prepared by Probation, which expressly noted the Section 3583(d) requirement (*see* R. 130, Violation Worksheet, at 652).

At the hearing, the district court reviewed Portee's extensive history of drug abuse and rehabilitation efforts, which included a drug testing program and group counseling.  Although the court's initial reaction was to "just end it, put in an appropriate period of custody to punish because that's all that's left and there's no reasonable hope that Mr. Portee is going to take advantage of what's offered," the court ultimately decided to "at least provide one opportunity . . . for Mr. Portee to find a pathway here to help that I think he sorely needs" (R. 152, Transcript of Hearing, at 710–11).  The court believed Portee required a structured environment to assist in drug rehabilitation, and adequately explained its rationale for imposing a sentence consisting of a "combination of punishment" to account for "the ongoing sequence of actual use and possession

3

of cocaine and the inability . . . to take advantage of the opportunities offered" and ongoing supervision, including a stay at a residential reentry center (*id.* at 713–14). "[W]e do not require magic words in the record of the sentencing hearing indicating that substance abuse treatment was considered in order to uphold the district court's prison sentence." *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000); *see also United States v. Williams*, 333 F. App'x 63, 71 (6th Cir. 2009) (affirming sentence where district court "obviously considered defendant's need for drug treatment"). The record in this case is sufficient to permit the conclusion that the district court considered and rejected substance abuse treatment as an alternative to incarceration.

CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence.