NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 18-5092

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 30, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID SHROPSHIRE,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
TENNESSEE

BEFORE: SUTTON, McKEAGUE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** After successfully petitioning for his release from prison under 28 U.S.C. § 2255 post-*Johnson v. United States*, 135 S. Ct. 2551 (2015), Defendant-Appellant David Shropshire tested positive for cocaine five times in the first six months of his supervised release and failed to attend another scheduled drug test. In response, the district court sentenced him to five months in prison, followed by two years of supervised release. Shropshire contends that the district court abused its discretion and imposed a procedurally unreasonable sentence by failing to consider the availability of substance abuse treatment programs and a both procedurally and substantively unreasonable sentence by failing to credit the alleged excess time he served on his original convictions. For the reasons that follow, we **AFFIRM**.

**I.**

In 2002, Shropshire pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Due to previous convictions for first-degree murder, aggravated assault, and attempted carjacking, Shropshire was sentenced under the Armed Career Criminal Act ("ACCA"). As such, Shropshire's Guideline range was 188 to 235 months' imprisonment. Under the ACCA, Shropshire also faced a fifteen-year mandatory minimum for the firearms offense. *See* 18 U.S.C. § 924(e)(1). The district court sentenced him to 211 months' imprisonment followed by five years' supervised release.

In 2008, Shropshire filed an unsuccessful 28 U.S.C. § 2255 motion. In 2016, after *Johnson*, this Court authorized Shropshire to file a successive § 2255 motion. In it, Shropshire argued that he no longer qualified as an armed career criminal due to the invalidation of the residual clause. The district court then held that Shropshire had been subject to ACCA penalties due to his attempted carjacking conviction, which was a predicate offense under the now-invalid residual clause. The district court noted that Shropshire had served at least 170 months in prison, that his non-ACCA guideline range was 151 to 188 months, and reduced his sentence to "time served." The court also imposed the non-ACCA statutory maximum of three years' supervised release and denied Shropshire's request to have his supervised release terminated. The district court entered an amended judgment imposing a sentence of "time served."

Shropshire's term of supervised release began on April 20, 2017. Shortly after, Shropshire tested positive for cocaine and admitted to using on three separate occasions between May 30, 2017 and August 4, 2017. As a result, Shropshire agreed to participate in mental health treatment

and serve twelve days in custody at a local detention facility. His probation officer also enrolled Shropshire in a substance abuse treatment program as of September 1, 2017. In October 2017, however, Shropshire tested positive for cocaine twice in one week. He then failed to appear for a drug test and his probation officer petitioned to revoke Shropshire's supervised release. Shropshire was detained pending resolution of his revocation.

Prior to the revocation hearing, Shropshire filed a *pro se* motion seeking to have his supervised release terminated on the basis that he had already been incarcerated longer than the combined non-ACCA statutory maximums for custody and supervised release. Shropshire argued that his "time served" sentence reflected a sentence of 120 months and that he had effectively served eighty months longer than that—a calculation that included good behavior credit. Shropshire's counsel then filed a similar motion, also noting that the United States Sentencing Commission Guidelines ("Guidelines") instructed the district court to consider the availability of substance abuse programs as an alternative to revocation of supervised release and imprisonment.

The district court held a revocation hearing on January 12, 2018. Shropshire admitted that he had violated the terms of his supervised release but argued that his violations were singular in nature—cocaine abuse—and that he had already overserved his ACCA sentence by "about six years." RE 241, PageID #962, 965-68. Shropshire requested that any sentence imposed be less than one year of supervised release and that any detention be in an inpatient drug treatment program. The government responded that Shropshire had not overserved any sentence because his Hobbs Act conviction carried a maximum sentence of twenty years, and that Shropshire had already declined treatment and denied drug use. The government requested six months' imprisonment, followed by an additional two years of supervised release.

After providing Shropshire an opportunity to be heard, the district court addressed several of the 18 U.S.C. § 3553(a) factors and met Shropshire's arguments that he should be allowed to serve any sentence in a drug treatment facility and that he had already served excess time. The district court acknowledged that the "time served" sentence was less clear than intended and promised to clarify Shropshire's § 2255 relief. The court then revoked Shropshire's supervised release and sentenced him to five months' imprisonment, followed by two years of supervised release. On January 18, 2018, the district court entered a memorandum and order regarding Shropshire's *pro se* expedited motion for revocation hearing of supervised release and motion for termination of supervised release in which the court—as promised—clarified its § 2255 relief, as well as its amended judgment. This timely appeal followed.

## II.

"We review a district court's decision to revoke supervised release for abuse of discretion, *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000), giving fresh review to its legal conclusions, *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000), and clear-error review to its fact findings, *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006)." *United States v. Kontrol*, 554 F.3d 1089, 1091-92 (6th Cir. 2009). We review sentences imposed for supervised release violations "under the same abuse of discretion standard that we apply to sentences imposed following conviction." *Id.* at 1092 (quoting *United States v. Bolds*, 511 F.3d 568, 572-73, 578 (6th Cir. 2007)) (quotation marks omitted). We will overturn a sentence only if procedurally or substantively unreasonable. *Kontrol*, 554 F.3d at 1092 (citation omitted). A sentence may be procedurally unreasonable if it entails a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

**A.**

Shropshire first argues that his five-month prison sentence was procedurally unreasonable because the district court failed to consider whether the availability of appropriate substance abuse treatment programs warranted or allowed a lesser or modified sentence. Specifically, Shropshire argues that the record fails to show that the court considered drug treatment or some other sanction less than incarceration. Generally, when a defendant possesses a controlled substance contrary to the conditions of his supervised release, the law provides that "the court *shall* revoke the term of supervised release and require the defendant to serve a term of imprisonment[.]" 18 U.S.C. § 3583(g) (emphasis added); U.S.S.G. § 7B1.4 cmt. n. 5 (2007). The use of a controlled substance constitutes possession under § 3583(g). *Crace*, 207 F.3d at 836.

But § 3583 provides for an exception to revocation: "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d). Chapter Seven of the Guidelines also states: "In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and

imprisonment under 18 U.S.C. §§ 3565(b) and 3583(g)." U.S.S.G. § 7B1.4 cmt. n. 6 (2007). This allows the district court to use its own discretion to decide whether to revoke the defendant's supervised release. *Crace*, 207 F.3d at 837.

The record is clear that Shropshire requested drug treatment in lieu of imprisonment. So, at the outset, we presume the district court to have considered all the evidence and arguments presented, including this request and the availability of those remedies. *United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006) ("[W]ithout some affirmative indication in the record to the contrary (apart from the sentence imposed), we presume that a district court has reviewed the evidence provided to it."). The record is also clear that Shropshire initially declined drug treatment, that he abused cocaine even after declining such treatment, and that he continued to use after enrolling in a treatment program in September 2017. As the government aptly argues, the court could reasonably conclude that "counseling alone was not enough to deter [Shropshire] from using drugs, and that a sentence of incarceration was warranted." *United States v. Williams*, 333 F. App'x 63, 70 (6th Cir. 2009); *see also United States v. Metcalf*, 292 F. App'x 447, 450 (6th Cir. 2008) (finding imprisonment sentence, rather than treatment, procedurally reasonable where "substance abuse treatment had not worked in the past" and where the sentencing court was aware and acknowledged the defendant's history of drug use). Moreover, the probation office had already allowed Shropshire to enroll in mental health treatment and to serve twelve days in a local detention facility rather than having his supervised release revoked—a fact of which the district court was aware. The record also shows that the district court considered his request to serve his sentence at a halfway house or drug treatment facility, denying the request but finding that there were resources that would be available to him both before and after his sentence. When Shropshire again asked why he could not attend in-patient rehab immediately, the court emphatically stated

that Shropshire violated an order of the court and punishment was required, whether or not drug addiction was involved. Though the court acknowledged that "the best way to rehabilitate you is not to . . . incarcerate you . . . Totally agree 110 percent," RE 241, PageID #992, it nonetheless determined that Shropshire's continued violation of court orders was best addressed with the sentence imposed.

"[W]e do not require magic words in the record of the sentencing hearing indicating that substance abuse treatment was considered in order to uphold the district court's prison sentence." *Crace*, 207 F.3d at 836. Here, the court adequately considered substance abuse treatment as an alternative under § 3583(d), and sufficiently explained its rationale for imposing a sentence of imprisonment instead.

**B.**

Shropshire next argues that the district court failed to clarify its imprecise language in granting his § 2255 motion and thus levied a procedurally and substantively unreasonable term of supervised release.

This argument is premised on Shropshire's contention that, after *Johnson* and his successful § 2255 motion, he has served excess time that should have been considered when determining his current sentence. This argument fails for several reasons. First, the amended judgment is clear: Shropshire was resentenced for his §§ 922(g)(1) and 922(e) and § 1951 convictions to time served. He was not, however, sentenced to 120 months (the non-ACCA statutory maximum applicable to his felon-in-possession conviction), or any amount of incarceration less than what he had already served. Thus, no excess time was served. While the district court calculated Shropshire's guideline range for his §§ 922(g) and 924(e) convictions and noted the imprisonment range was now confined to 120 months—an amount he had already

exceeded—it later clarified, firmly, that Shropshire's statutory maximum for Hobbs Act robbery was twenty years. Moreover—despite Shropshire's contrary contention on appeal (Appellant Br. at 13)—the district court clarified that Shropshire "had not served or accumulated good-time credit beyond his statutory maximum when the [district court] granted § 2255 relief." RE 231, p.3.

Second, even if Shropshire had exceeded the statutory maximum for his crimes, and even if the district court had found that he served excess time, Shropshire provides no legal authority supporting the proposition that a district court can or must credit excess time served when determining supervised release. *Cf. United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. . . . Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

Finally, the district court's memorandum and order on Shropshire's motion for termination of supervised release and motion for revocation hearing of supervised release show that it did exercise discretion. While Shropshire argues that "the failure to exercise discretion *is* itself an abuse of discretion," (Appellant's Br. at 15), the fulsome order shows that the court understood Shropshire's argument, found it without both factual and legal merit, and consciously chose not to alter Shropshire's sentence despite his argument. In sum, the district court did not abuse its discretion in selecting Shropshire's revocation sentence. *See United States v. Hammonds*, 468 F. App'x 593, 599 (6th Cir. 2012) ("The issue is not whether some other, lesser sentence . . . would have been reasonable; rather, it is whether the . . . sentence [defendant] actually received was reasonable.").

**III.**

Shropshire has failed to demonstrate that the district court's revocation sentence was either procedurally or substantively unreasonable. We **AFFIRM** the judgment of the district court.