NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0224n.06

No. 18-5876

<table>
<tr><td rowspan="11">

**UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACK L. GARNER,

    Defendant - Appellant.

</td></tr>
</table>

**FILED**
Apr 29, 2019
DEBORAH S. HUNT, Clerk

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

OPINION

BEFORE:    ROGERS, DONALD, and THAPAR, Circuit Judges

    ROGERS, Circuit Judge.  Under federal statute, if a defendant on supervised release unlawfully possesses a controlled substance, the court "shall revoke" the defendant's supervised release and order some term of imprisonment. 18 U.S.C. § 3583(g). But if the defendant fails a drug test, the court "shall consider whether the availability of appropriate substance abuse treatment programs . . . warrants an exception" to the revoke-and-imprison requirement. § 3583(d). The court in this case revoked Jack Garner's supervised release, in part for failing drug tests, and sentenced him to a further twenty-one months in prison. Garner argues on appeal that the district court did not consider in-patient drug treatment as an alternative to imprisonment. The record, however, sufficiently shows that the district court did consider appropriate substance-abuse programs, even though the court did not explicitly say so.

Back in August 2008 Garner pleaded guilty to possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to ten years' imprisonment followed by a five-year term of supervised release. After his sentence was reduced because of a change in the guidelines, Garner began his supervised release in January 2015. Two years later, in February 2017, he pleaded guilty in Kentucky state court to possession of cocaine, a clear violation of the terms of his federal supervision. At a revocation hearing later that year, Garner admitted the violation; but the court, rather than revoke his supervised release, ordered Garner to submit to location monitoring for six months and to participate in moral reconation therapy, a form of substance-abuse treatment. Garner graduated from the therapy program in February 2018.

Soon thereafter, in June 2018, Garner's probation officer filed a petition alleging that Garner had admitted using marijuana and oxycodone and had failed three drug tests since the beginning of that year. At the revocation hearing, Garner argued through counsel that he failed the tests because of lawfully prescribed oxycodone use, but the district court found that Garner did not have a valid prescription when he failed the tests. The court found that Garner had therefore violated the terms of his supervised release, and heard argument from both sides about sentencing. The Government argued that a prison term at the low-end of the advisory range (twenty-one months) was warranted in light of the court's previous leniency in ordering Garner to therapy rather than prison. Defense counsel responded that Garner was a drug addict who needed help and asked the court to "impose a lesser punishment combined with some sort of inpatient treatment," which Garner had never received. When asked if he had anything to add, Garner replied, "I would like to say I just need help. That's all I can say."

Having heard argument from both sides, the court expressed concern that Garner had committed a series of drug violations in the short time since the court showed him leniency at the

2

last revocation hearing. The court was also concerned that Garner refused to admit several of the violations despite the positive drug-test results. Thus, "consider[ing] the guidelines and the 3553(a) factors," the court revoked Garner's release and sentenced him to twenty-one months' imprisonment, followed by thirty-six months' supervised release and inpatient drug treatment. The court further noted that Garner's advisory range was 21–27 months given the nature of his violations and criminal history, and that it "believe[d] the sentence imposed is sufficient but not greater than necessary to comply with [the] 3553(a)(2) factors."

After imposing the sentence, the court asked counsel if there were "any objections that [it hadn't] heard?" Counsel for Garner replied, "[n]othing further, Judge."

Now on appeal both of Garner's claims focus for the first time on the district court's obligation under 18 U.S.C. § 3583(d) to consider appropriate substance-abuse treatment as an alternative before imposing imprisonment for a violation of supervised release. Section 3583(g) requires the court to revoke supervised release if it finds that a defendant possessed a controlled substance while on supervised release, but § 3583(d) permits the court to grant an exception and order appropriate substance-abuse treatment instead of imprisonment if the violating defendant failed a drug test while on supervised release. Neither the court below nor the parties expressly referred to these statutory provisions during the revocation hearing.

Garner now argues that the court erred in neglecting to consider in-house substance-abuse treatment as an alternative to imprisonment (presented as a claim of procedural unreasonableness), and that his twenty-one-month prison term was too harsh a punishment when inpatient treatment would have been enough (presented as a claim of substantive unreasonableness).

Garner did not argue below, and does not argue here, that § 3583(d) requires the court to explain explicitly why it declined to grant a discretionary exception to the mandatory-

3

imprisonment provision of § 3583(g). Instead, Garner argues that the district court in fact failed to consider treatment as an alternative to imprisonment. But the record makes sufficiently clear that the district court did consider substance-abuse treatment in lieu of imprisonment. First, the court had ordered therapy rather than imprisonment for Garner's prior violation—so the court knew that ordering treatment, as permitted by § 3583(d), was an option. In other words, this is not a case where the court could have mistakenly thought that imprisonment was required under § 3583(g). Second, Garner asked the court at revocation to order inpatient treatment—so there is no doubt that the option was squarely presented to the court at sentencing. We presume that the district court considers evidence and arguments presented to it. *See United States v. Gale*, 468 F.3d 929, 941 (6th Cir. 2006). Third, the court ordered that Garner participate in treatment following his sentence—so not only did the court consider treatment, it ordered it as requested, only without also reducing the sentence below twenty-one months. Finally, the court explained that its sentencing decision was based on its earlier leniency in ordering therapy rather than imprisonment, Garner's many controlled-substance violations since then, and Garner's refusal to take responsibility for his three failed drug tests. This record shows, if implicitly, that the court considered treatment, which is all that was required of it.

It is by now well settled that a district court generally need not expressly mention a sentencing argument or alternative, so long as the record as a whole shows that it considered the issue. *See Rita v. United States*, 551 U.S. 338, 359 (2007); *United States v. Crace*, 207 F.3d 833, 835–36 (6th Cir. 2000). More specifically, this court has consistently held that a district court's consideration is apparent where, as here, the record shows that the court understood that treatment was an alternative to mandatory revocation under § 3583(g), heard argument on whether to order treatment, and sufficiently explained its rationale for imposing a sentence of imprisonment rather

than merely ordering treatment. *See, e.g.*, *Crace*, 207 F.3d at 835–36; *United States v. Shropshire*, 742 F. App'x 50, 53–54 (6th Cir. 2018); *United States v. Williams*, 333 F. App'x 63, 70–71 (6th Cir. 2009); *United States v. Metcalf*, 292 F. App'x 447, 450 (6th Cir. 2008). Other circuits too have recognized that "[w]here, for instance, the defendant argues to the district court that a substance abuse treatment program should be imposed and the court still revokes supervised release, it is understood that the court implicitly considered and rejected application of the drug treatment exception." *United States v. Brooker*, 858 F.3d 983, 987 (5th Cir. 2017); *see also United States v. Hammonds*, 370 F.3d 1032, 1038–39 (10th Cir. 2004).

Garner looks to several cases where he says the justification for imprisonment, over treatment, was greater than it is here. Even were he right on that point, it is irrelevant to his procedural challenge—that is, whether the court considered treatment at all.

Garner's second claim, that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a)(2), also lacks merit. This argument is based largely on the court's alleged failure to consider in-house treatment as an alternative, an issue disposed of above.

Garner's substantive-reasonableness argument is reviewed only for abuse of discretion, and sentences within the guidelines range—like this one—are presumed to be reasonable. *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011). Garner has offered no reason to disturb that presumption.

Garner tries to distinguish his case from four others where imprisonment was ordered in part because the defendant had spurned or squandered prior opportunities for rehabilitation. But these juxtapositions are unpersuasive as a matter of fact and logic. As to fact, the court here similarly concluded that Garner had wasted the court's earlier leniency by returning to drug use so

5

soon after completing court-ordered substance-abuse therapy.  As for logic, it does not follow from the reasonableness of imprisonment in those (allegedly) worse cases that it is not reasonable to order imprisonment here as well.

We affirm.